UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Alan Nix,                              )        C/A No. 2:24-cv-04921-RMG-MHC
                                       )
                   Plaintiff,          )
                                       )            **ORDER**
v.                                     )
                                       )            **and**
Christopher Craven,                    )
                                       )        **REPORT AND RECOMMENDATION**
                   Defendant.          )
                                       )

This is a civil action by Plaintiff Alan Nix, a pro se litigant. Under 28 U.S.C. § 636(b) and

Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the

assigned United States Magistrate Judge.

By Order filed June 25, 2025, service on Defendant was authorized. ECF No. 23. In the

Order, the Court advised Plaintiff that "**Plaintiff is responsible for service of process under Rule**

**4 of the Federal Rules of Civil Procedure.**" *Id.* at 2 (emphasis in original). The Court further

advised:

> Plaintiff has 90 days from the date on which the summonses are issued to serve
> Defendant in compliance with Rule 4. **Under Rule 4(m), unless a Defendant is**
> **served within 90 days after the summons is issued as directed by this Order,**
> **that particular unserved Defendant may be dismissed without prejudice from**
> **this case.**

*Id.* (emphasis in original).

On November 3, 2025, Plaintiff filed a Motion to Stay and to Extend the Time to Serve his

Complaint. ECF No. 27. By Order entered November 18, 2025, the Court denied Plaintiff's request

to stay the case but granted Plaintiff's request for an extension of time to serve the Summons and

Complaint on Defendant. ECF No. 28 at 2. The Court directed the Clerk of Court to re-issue the

Summons and forward it to Plaintiff at his address of record. *Id.* at 3. The Court gave Plaintiff an

additional 90 days for service and warned Plaintiff as follows: "**If Plaintiff fails to timely serve Defendant Craven within the time set forth in this Order, Defendant may be dismissed without prejudice from this case.**" *Id.* at 2 (emphasis in original).

The summons was re-issued by the Clerk of Court and mailed to Plaintiff on November 18, 2025. ECF Nos. 29 & 30. Therefore, the time for service began to run on November 18, 2025, and the ninety-day period for service expired on February 16, 2026. However, Plaintiff has failed to file any document with the Court indicating that service has been executed. Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Therefore, unless Plaintiff has made proper service on Defendant or can show good cause for failure to serve, this case is subject to dismissal.

**Plaintiff is herein specifically advised and placed on notice that, in response to this Report and Recommendation, he is to provide the Court with proof of service on Defendant, or present good cause to the Court for any failure to serve Defendant, within ten (10) days of the filing of this Report and Recommendation. Failure to do so may result in this case being dismissed.**

### CONCLUSION

If, in response to this Report and Recommendation, Plaintiff submits to the Court proof of timely service on Defendant, then in that event **IT IS ORDERED** that this Report and Recommendation be **VACATED**, and that the file be returned to the undersigned for further proceedings. However, in the event Plaintiff fails to submit to the Court proof of service on the

Defendant, or to demonstrate good cause for having failed to do so,[1] within the time granted herein, it is **RECOMMENDED** that this case be **DISMISSED**, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

   **The parties are referred to the Notice Page attached hereto.**


March 19, 2026                                Molly H. Cherry
Charleston, South Carolina                    United States Magistrate Judge

---

[1] In the event Plaintiff has failed to serve the Defendant with service of process but submits material to the Court asserting good cause for such failure, whether or not to accept Plaintiff's assertions of good cause shall be in the sole discretion of the District Judge in his review of this Report and Recommendation.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

4